Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| FERNANDO GARCÍA MÁRQUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2026RA00228 | REVISIÓN ADMINSITRATIVA procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Caso núm.: CDB-201-26 |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2026.

Comparece ante este tribunal apelativo, por derecho propio y en *forma pauperis*,[1] el Sr. Fernando García Márquez (señor García Márquez o recurrente) mediante el recurso de epígrafe solicitándonos que revisemos la *Respuesta al Miembro de la Población Correccional* emitida por la División de Remedios Administrativos (la División) del Departamento de Corrección y Rehabilitación de Puerto Rico (DCR), el 26 de marzo de 2026, notificada el 2 de abril siguiente. Mediante este dictamen, la agencia le indicó al señor García Márquez que la cita con su urólogo estaba calendarizada para abril de este año y, que eventualmente, le indicaría la fecha exacta.

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso por academicidad.

**I.**

El 9 de marzo de 2026, el señor García Márquez presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios

---

[1] Declaramos *Ha Lugar* la litigación *in forma pauperis*.

Administrativos con número de solicitud CDB-201-26. En esencia, el recurrente arguyó que desde su visita con el doctor López, quién le refirió al urólogo, no había recibido más atención médica, ni su cita con el médico especialista al que fue referido. Según surge de su petitorio, el señor García Márquez fue diagnosticado con piedra en un riñón y en la vejiga. Dicha condición agrava su calidad de vida como consecuencia del fuerte dolor que esto acarrea; por lo que solicitó que le proveyeran la atención médica necesaria y adecuada.

El 26 de marzo de 2026, la División emitió la *Respuesta al Miembro de la Población Correccional* con relación a la solicitud CDB-201-26. Mediante esta, la agencia determinó lo siguiente:

> Se le orienta que el proceso a seguir para solicitar citas o algún seguimiento es mediante las boletas de quejas. Las mismas están accesibles por parte del personal de enfermería a diario durante las rondas del *sick call*.

> Usted ya cuenta con referido para la clínica de Urología. Se estima que para el mes de abril le corresponda su turno. Una vez nos notifiquen se le informará la fecha exacta.

Inconforme con dicha determinación, el señor García Márquez acude ante esta *Curia* solicitando la revisión de la *Respuesta al Miembro de la Población Correccional.* Aunque no formuló propiamente un señalamiento de error, más bien argumentó en cuanto al trato que ha recibido, el cual ha sido deficiente, a pesar de entender que tiene derecho a un cuidado médico humanizado. Por tanto, nos solicitó que se interceda para que el DCR, junto con la compañía proveedora de los servicios médicos, le provean la atención médica que requiere para atender sus padecimientos.

El 5 de mayo de 2026, emitimos una *Resolución* ordenando al Departamento de Corrección y Rehabilitación que, en o antes del 11 de mayo, proveyera información sobre la cita con la clínica o el especialista en urología, conforme a lo establecido en la respuesta recurrida y las necesidades médicas del recurrente.

El 11 de mayo de 2026, compareció el DCR, por conducto de la Oficina del Procurador General de Puerto Rico, mediante un escrito intitulado *Moción en Cumplimiento de Resolución.*[2] En este, la agencia informó que, con relación a la Solicitud CDB-201-26, la cita de urología del recurrente se llevó a cabo el 6 de abril de 2026. En sus anejos incorporó la certificación emitida por el Dr. Marcos E. Devarie Díaz, Director de Servicios Clínicos del Complejo Correccional de Bayamón fechada 11 de mayo de 2026.

Examinado el recurso y el expediente apelativo; así como la *Moción en Cumplimiento de Resolución,* prescindimos de la comparecencia en oposición de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

**II.**

En nuestra jurisdicción es harto conocido que los tribunales solo tienen autoridad para resolver casos y controversias justiciables. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011). Una instancia en la que un caso no es justiciable se suscita cuando la controversia se torna académica. *Íd.,* a la pág. 932. A esto, se le conoce como la academicidad y se trata de una de las doctrinas que autolimitan la intervención judicial. **En virtud de esta, una controversia no es justiciable si, después de comenzar el pleito, hechos posteriores la convirtieron en académica.** *Íd.*

En esencia, un caso es académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada que en realidad no existe; (2) una determinación de un derecho antes de que haya sido reclamado; o (3) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una

---

[2] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 3.

controversia existente. *Íd.* (citando a *San Gerónimo Caribe Project v. A.R.Pe.*, 174 DPR 640, 652 (2008)).

Ahora bien, existen una serie de excepciones que permiten la consideración de controversias que, de otra forma, serían académicas. Estas excepciones operan cuando: (1) se plantea una cuestión recurrente o susceptible de volver a ocurrir; (2) el demandante ha modificado la situación de hechos, pero el cambio no aparenta ser permanente; y (3) cuando aspectos de la controversia se tornan académicos, pero subsisten consecuencias colaterales con vigencia y actualidad. *Íd.*, a la pág. 933. No obstante, "[e]stas excepciones deben usarse con mesura sin obviar los límites constitucionales que dan vida a la doctrina de academicidad." *Íd.* (citando a *Moreno v. Pres. U.P.R. II*, 178 DPR 969, 974 (2010)). Considerando lo anterior, **si se determina que un pleito es académico y que no aplica alguna excepción, los tribunales tienen el deber de desestimarlo**. *Íd.*, a la pág. 936. Puntualizamos que los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 116-117, 215 DPR ___, (2025), lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

**III.**

En esencia, el señor García Márquez recurre de una determinación emitida en respuesta a su solicitud para que, según referido por el doctor López, le proveyeran los servicios médicos especializados de urología. Asimismo, surge de la decisión recurrida que estos servicios habían sido calendarizados para el abril de este año.

Al respecto, y en respuesta a nuestra orden, el Departamento confirmó que el recurrente fue evaluado por la clínica de Urología el 6 de abril de 2026.

Así pues, acreditado que los servicios solicitados fueron provistos, razonamos que no nos encontramos ante una controversia justiciable que permita o requiera de nuestra intervención. Ello, toda vez que la parte recurrida actuó conforme a lo solicitado por el recurrente. Es decir, nos encontramos ante una controversia que se ha tornado académica y, al no estar presente algunas de las excepciones a esta doctrina, es nuestro deber desestimarlo.

**IV.**

Por los fundamentos anteriormente expuestos, se desestima el presente recurso por academicidad.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones